IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02364-GPG

DWAYNE VAUGHN,

    Applicant,

v.

THERESA COZZA-RHODES,

    Respondent.

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

Applicant Dwayne Vaughn is in the custody of the Federal Bureau of Prisons and currently is incarcerated at the U.S. Penitentiary in Florence, Colorado. Applicant initiated this action by filing *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Action. The Court granted the § 1915 Motion on January 5, 2016.

The Court must construe the Application liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. Even though Applicant now has failed to cure the noted deficiencies in the Court's October 26, 2015 Order to Cure, within the time allowed, he will be given one more opportunity to provide the necessary information by filing an amended § 2241 application.

An Application must comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Applicant seeks expungement of six disciplinary proceedings, but he fails to identify the incident numbers and to state how his First, Fifth, and Eighth Amendment rights were violated in each of the disciplinary proceedings. The only facts Applicant presents in the Application is that "[i]n 6 prison disciplinary proceedings (Dated 3/23/2015, 9/24/2015, 10/14/2015, 8/23/2015 x3) disciplinary officials deprived me of due process in each proceeding as more fully set forth on Page 6." ECF No. 1 at 3. Applicant has not attached a sixth page to the Application.

To the extent Applicant is challenging a due process violation, pursuant to *Wolff*, adequate due process in a disciplinary proceeding that implicates a protected liberty interest requires advance written notice of the charges, an opportunity to call witnesses and present documentary evidence, and a written statement by the factfinders of the reasons for the decision and the evidence on which they relied. *See Wolff*, 418 U.S. at

563-66.  There also must be some evidence to support the decision.  See *Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). Finally, a prisoner has a due process right to have the hearing conducted by an impartial hearing officer.  See *Smith v. Maschner*, 899 F.2d 940, 947 (10th Cir. 1990).

As for any First and Eighth Amendment violations, Applicant is reminded that claims in a § 2241 action address the execution of a sentence.  See *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) ("[A] petition under 28 U.S.C. § 2241 attacks the execution of a sentence.").  Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  See, e.g., *Richards v. Bellmon*, 941 F.2d 1015, 1018 (10th Cir. 1991).

Applicant, therefore, has failed to comply with Fed. R. Civ. P. 8, but he will be given an opportunity to file an Amended Application.  Applicant is directed to file an Amended Application that complies with the pleading requirements of Rule 8.  Applicant must state claims that are presented in a manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Applicant file an Amended Application that complies with this Order.   It is

FURTHER ORDERED that Applicant shall obtain the Court-approved 28 U.S.C. § 2241 Application form (with the assistance of his case manager or the facility's legal

assistant), along with the applicable instructions, at www.cod.uscourts.gov to use in filing the Amended Application.   It is

FURTHER ORDERED that if Applicant fails within the time allowed to file an Amended Application as directed the action will be dismissed without further notice.

DATED January 5, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge